IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH HAMMEL | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 06-04735 |
| | : | |
| CHERRY HILL TRIPLEX | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER
GRANTING DEFENDANT'S MOTION TO
<u>COMPEL ARBITRATION AND STAY</u>**

Presently before the Court are Defendant's Motion to Compel Arbitration and Dismiss[1] (Docket No. 4), Plaintiff's response thereto (Docket No. 5), and Defendant's supplement in response (Docket No. 7). For the reasons stated below, it is hereby **ORDERED** that Defendant's Motion to Compel Arbitration and Stay is **GRANTED**.

Plaintiff brought this cause of action claiming he was fraudulently induced to purchase two vehicles from Defendant's auto dealership in two separate but related transactions, the first occurring on December 20, 2005, and the second on January 14, 2006. In addition to executing a separate sales agreement for each transaction, Plaintiff also signed an arbitration agreement in conjunction with each purchase. It is these arbitration agreements that are now at issue. Defendant argues that Plaintiff's claim of fraudulent inducement, and the cause of action as a whole, is exactly the type of dispute subject to these arbitration agreements, and therefore, the Court should stay this cause of action and compel arbitration. Plaintiff, on the other hand,

---

[1] Despite Defendant's motion seeking dismissal, Defendant later acknowledges that under both the Pennsylvania Arbitration Act, 42 Pa. C.S.A. §7304, and the Federal Arbitration Act, 9 U.S.C. §3, a stay is the appropriate course of action.

argues that these arbitration agreements were induced by fraud and duress, and therefore the Court may adjudicate a claim for fraud in the inducement of the arbitration clause itself.

The Federal Arbitration Act ("FAA") provides that a written arbitration provision contained in a "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In regards to challenges to the validity of the arbitration contract, the Court finds the analysis set forth in Giannone v. Ayne Institute, 290 F.Supp.2d 553 (E.D.Pa. 2003) to be on point with the present matter and thus applicable. When the challenger to an agreement claims fraud in the inducement, as alleged here, the challenger is in fact contending that the agreement is voidable rather than void. Id. at 561. In such cases, the ultimate question for the Court is whether "the alleged fraud induced assent to the entire contract or only the arbitration clause." Id. at 564.

> [I]f the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the "making" of the agreement to arbitrate—the federal court may proceed to adjudicate it. But the statutory language [of the FAA, 9 U.S.C. § 4] does not permit the federal court to consider claims of fraud in the inducement of the contract generally. . . . [T]herefore, . . . a federal court may consider only issues relating to the making and performance of the agreement to arbitrate.

Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-404 (1967).

After carefully reviewing the facts and allegations, and applying the standard set forth above, the Court finds that Plaintiff's claim of fraud in the inducement revolves around the contracts generally and not specifically the arbitration agreements themselves. As Defendant points out, Plaintiff has not alleged any facts to support the conclusion that he was fraudulently induced to sign either of the arbitration agreements in particular. It is apparent from Plaintiff's

rendition of the facts that the alleged fraud in the inducement is to both transactions in their entirety.  Plaintiff claims that he was fraudulently induced into purchasing a vehicle and later fraudulently induced into purchasing a second vehicle when seeking repairs to the first.  To support his allegations, Plaintiff points to alleged tactics employed by Defendant to obtain money from Plaintiff on both occurrences and have Plaintiff execute the purchases on fraudulent terms.  It is the transactions generally that are allegedly laced with fraud.  Both arbitration agreements were clearly labeled "Arbitration Agreement" at the top and in bold font, and both agreements were indisputably signed by Plaintiff.   Plaintiff's account does not address nor support any fraud in the inducement of the arbitration clauses in particular; in both transactions, the alleged fraud induced assent to the entire contract.  It is thus inappropriate for the Court to consider Plaintiff's claim.  Therefore, it is hereby **ORDERED** that Defendant's Motion to Compel Arbitration and Stay is **GRANTED**.

        IT IS SO ORDERED this 4th day of April, 2007.

BY THE COURT:

  _s/Ronald L. Buckwalter, S. J._
RONALD L. BUCKWALTER, S.J.